GOLDENBERG BROS. & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. July 23, 1903.)

No. 3,185.

1. CUSTOMS DUTIES—CLASSIFICATION—LACE NECKWEAR.

*Held*, that the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 314, 30 Stat. 178 (U. S. Comp. St. 1901, p. 1659), "articles of wearing apparel of every description, including neckties or neckwear * * * not specially provided for," does not constitute such a special provision for lace neckwear as to remove it from the scope of the provision in paragraph 339 of said act (Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662]), for "wearing apparel * * * made wholly or in part of lace, * * * not elsewhere specially provided for."

2. SAME.

The words "neckwear" and "neckties" in paragraph 314, Tariff Act July 24, 1897, are not terms of commercial designation.

On application of the importers to review a decision of the Board of General Appraisers, which affirmed the classification of the collector of customs at the port of New York.

James W. Purdy and W. E. Hampton, for petitioners.

D. Frank Lloyd, for the United States.

HAZEL, District Judge. An ad valorem duty of 60 per centum having been assessed by the collector under paragraph 339 of the tariff act of July 24, 1897, c. 11, § 1, Schedule J., 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662], upon an importation of various lace articles of wearing apparel, commonly known as neckwear, the importers paid the entries, duly protesting in writing that such articles should have been assessed as dutiable under paragraph 314 (Schedule I, 30 Stat. 178 [U. S. Comp. St. 1901, p. 1659]), providing for the payment of 50 per centum ad valorem. The collector was sustained by the Board of General Appraisers; hence application to this court for a reversal of their decision.

Paragraph 314 reads as follows:

"314. Clothing, ready-made, and articles of wearing apparel of every description, including neck-ties, or neck wear composed of cotton or other vegetable fiber, or of which cotton or other vegetable fiber is the component material of chief value, made up or manufactured, wholly or in part by the tailor, seamstress or manufacturer, and not otherwise provided for in this act, fifty per centum ad valorem."

Paragraph 339, so far as relevant, is in these words:

"Laces * * * and other lace articles, * * * wearing apparel and other articles made wholly or in part of lace, or in imitation of lace; * * * all of the foregoing composed wholly or in chief value of flax, cotton or other vegetable fiber and not elsewhere specially provided for in this act, * * * sixty per centum ad valorem."

It is admitted that the imported articles are made in part of lace, and are variously described as lace collars and neck ties. The question here is whether "neckwear composed of cotton, * * * and not otherwise provided for," as provided in paragraph 314, includes neckwear or neckties made "wholly or in part of lace," as covered by paragraph 339. By reason of the expression, "not elsewhere specially provided for," in paragraph 339, it would seem that the classification of the articles in question, in view of the absence of a special provision covering neckties of such material, properly belongs to that paragraph. This paragraph broadly includes laces and other lace articles, among which are enumerated wearing apparel and other articles made wholly or in part of lace. As importance is attached to the qualifying words in paragraph 339, "and not elsewhere specially provided for," the issue would seem to be whether neckties and neckwear are specially designated in paragraph 314, or whether such articles are generally covered by paragraph 339. I incline to the view that the former paragraph does not designate by name and character of material the articles included in the term "neckwear" or "neckties" with such special reference as to justify taking them out of the broad scope of paragraph 339. The theory of the importers is based upon the proofs that the enumerated articles have a commercial designation among traders and importers, such as enunciated by the Supreme Court of the United States in Arthur v. Lahey, 96 U. S. 112, 24 L. Ed. 766, that:

"When Congress has designated an article by its specific name, and imposed a duty upon it by such name, general terms in a subsequent act, or in a later part of the same act, although sufficiently broad to comprehend such article, are not applicable to it."

But, as already stated, the rule does not apply here, for the reason that, in my opinion, the paragraph on which the petitioners rely to establish it does not specifically designate the articles by name, or make provision for assessing duties upon such articles. The evidence in the case, therefore, tending to show that the enumerated articles have a commercial designation is of no avail.

Decision of the Board of General Appraisers affirmed.