GOLDENBERG BROS. & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 13, 1904.)

No. 159.

**1. CUSTOMS DUTIES—CLASSIFICATION—LACE NECKWEAR—WEARING APPAREL.**
    Lace neckwear is more specifically provided for in paragraph 339, Tariff
    Act July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901,
    p. 1662], as "wearing apparel  *  *  *  made wholly or in part of lace,"
    than in paragraph 314 of said act (Schedule I, 30 Stat. 178 [U. S. Comp.
    St. 1901, p. 1659]), as "articles of wearing apparel of every description, in-
    cluding neckties or neckwear."

Appeal from the Circuit Court of the United States for the Southern
District of New York.

For decisions below, see 124 Fed. 1003, and G. A. 4,879, T. D. 22,868.

This cause comes here upon appeal from a decision of the Circuit Court,
Southern District of New York, affirming the Board of General Appraisers and
the collector of the port of New York as to the classification for duty of cer-
tain lace articles of wearing apparel, commonly known as "neckwear." The
goods were imported under Tariff Act July 24, 1897, c. 11, 30 Stat. 151 [U. S.
Comp. St. 1901, p. 1626]. The relevant paragraphs are as follows:

In Schedule I, "Cotton Manufactures":

"Par. 314. Clothing, ready-made, and articles of wearing apparel of every
description, including neckties or neckwear, composed of cotton or other veg-
etable fibre, or of which cotton or other vegetable fibre is the component ma-
terial of chief value, made up or manufactured, wholly or in part, by the
tailor, seamstress, or manufacturer, and not otherwise provided for in this act,
fifty per centum ad valorem."

In Schedule J, "Flax, Hemp, and Jute, and Manufactures of":

"Par. 339. Laces, lace window curtains,  *  *  *  and other lace articles,
 *  *  *  wearing apparel, and other articles made wholly or in chief part of
lace, or in imitation of lace,  *  *  *  wearing apparel, handkerchiefs, and
other articles or fabrics embroidered in any manner  *  *  *  tamboured or
appliquéed articles, fabrics, or wearing apparel;  *  *  *  all the foregoing
composed wholly or in chief value of flax, cotton, or other vegetable fiber, and
not elsewhere specially provided for in this act, whether composed in part of
india rubber or otherwise, sixty per centum ad valorem: provided, that no
wearing apparel or other article or textile fabric, when embroidered by hand
or machinery, shall pay duty at a less rate than that imposed in any schedule
of this act upon any embroideries of the materials of which such embroidery
is composed."

Albert Comstock, for appellants.
D. Frank Lloyd, for the United States.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts). The articles in
question are certain cotton lace scarves, barbes, collars, fichus, ties, etc.,
and there is no dispute as to the facts, nor as to commercial designa-
tion. Concededly the articles are made wholly or in chief part of lace
composed wholly or in chief value of cotton; concededly they are wear-
ing apparel; concededly they are the particular variety of wearing ap-
parel which is known as "neckwear"; concededly they are covered by
the language of both paragraphs. The sole question is the one so fre-
quently presented—which of the two paragraphs more specifically pro-
vides for them? In all such cases the thing to be sought for is the inten-

tion of Congress, and, if that is plainly expressed, it will prevail over technical rules of construction, and over decisions in other cases which are differentiated by some variation in the facts. The intent of Congress as to these articles seems reasonably clear. It fixed one rate of duty for ready-made clothing and articles of wearing apparel composed of cotton, and a higher rate for wearing apparel made of lace composed of cotton. Undoubtedly the phrase "wearing apparel made of lace composed of cotton" is more specific that the phrase "wearing apparel composed of cotton." The importers' sole reliance is on the two words "neckties" and "neckwear," which are found in paragraph 314 (Tariff Act July 24, 1897, c. 11, § 1, Schedule I; 30 Stat. 178 [U. S. Comp. St. 1901, p. 1659]), and which they claim constitute an eo nomine designation, which, in accordance with familiar principles, is more specific than the descriptive phrase "wearing apparel made of lace composed of cotton." But we are clearly of the opinion that Congress did not insert these two words with any intent to provide some specific and independent duty on neckwear. It was concerned solely with laying a uniform duty, by paragraph 314, on every description of articles of wearing apparel composed of cotton or other vegetable fiber, and, fearing lest some one might seek to differentiate neckwear from the class of wearing apparel (possibly on some theory that it was for ornament not for ordinary wear), Congress provided against that by inserting after the words "wearing apparel of every description" the words "including neckties or neckwear." The words last quoted were intended as words of expansion rather than as words of restriction.

The decision of the Circuit Court is affirmed.