GOLDENBERG BROS. & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. January 28, 1907.)

No. 4,194.

CUSTOMS DUTIES—CLASSIFICATION—LACE ARTICLES.

Tariff Act July 24, 1897, c 11, § 1, Schedule J, par. 339, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662], relating to "articles made * * * of lace," includes goods made by sewing together pieces of lace produced in shapes designed to be used in making the articles; the term "lace" not being restricted to articles made up from lace that is bought and sold by the yard.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,290 (T. D. 27,113), which affirmed the assessment of duty by the collector of customs at the port of New York on collars, classified under the provision for "articles made wholly or in part of lace," under Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662].

Evidence introduced before the Board as to the character of the goods and the method of manufacturing them showed "that thread is placed in lace machines which produce pieces of lace in shapes designed to be used in making collars, and that the collars are made by sewing several of these pieces

together." Following the decision of the Circuit Court for the Southern District of New York in U. S. v. Van Blankensteyn, 91 Fed. 977, the Board held that the articles were properly classified as made of lace. Note Mills v. Robertson (C. C.) 147 Fed. 634.

The importers, in their assignment of errors, asserted that the term "lace" means, commercially, a "fabrication or article sold by the yard, with one edge straight, the other scolloped, or both edges straight," and does not include articles "made in accordance with a design executed by means of a thread placed in a machine."

Walter E. Hampton (James W. Purdy, Jr., of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. The merchandise in question, consisting of cotton lace collars, was classified for duty as articles made of lace under the provisions of paragraph 339 of the tariff act of 1897. The importer claims that the goods should have been appraised under the provisions of paragraph 314. Act July 24, 1897, c. 11, § 1, Schedule I, 30 Stat. 178 [U. S. Comp. St. 1901, p. 1658]. It would serve no useful purpose to again discuss the reasons for the conclusion that the articles of wearing apparel in question are made wholly or in part of lace. See Goldenberg Brothers & Co. v. United States (C. C.) 124 Fed. 1003, affirmed 130 Fed. 108, 64 C. C. A. 442, petition for certiorari denied 195 U. S. 634, 25 Sup. Ct. 791, 49 L. Ed. 354. Judge Lacombe, writing for the Circuit Court of Appeals, has fully and plainly covered the principal points relied upon. It is true that, in the former case, it was conceded at the hearing that the articles were wholly or in part of lace composed of cotton, while now it is vehemently insisted that such articles are made by hand or machine from cotton thread, usually in pieces which are sewn together to finish the article. The concession mentioned is not thought to have been controlling. That such lace neckwear, to come within the provisions of paragraph 339, must have been made up from lace that is bought and sold by the yard, is thought wholly untenable. The importers' restricted definition of the term "lace" is too narrow; and, moreover, it is reasonably clear that Congress intended to impose a higher rate of duty upon articles such as these in controversy than upon wearing apparel of the class described in the paragraph under which the importer claims the articles should have been assessed for duty. The case of Fleet v. United States, 148 Fed. (C. C.) 335, is readily distinguishable. In that case the articles of fur were sewn together simply for convenience and safety, and not, as here, to make a completed useful article.

I concur in the views of the Board as expressed in their opinion and affirm their decision.